IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GARRETT BERNARD KING, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 1:04-CR-34 WLS |
| | | Motion To Compel Rule 35 |
| UNITED STATES OF AMERICA, | * | |
| UNITED STATES ATTORNEY'S | | |
| OFFICE FOR MIDDLE DISTRICT OF | * | |
| GEORGIA, AUSA K. ALLEN DASHER, | | |
| Respondents. | * | |

**REPORT AND RECOMMENDATION**

Petitioner King was indicted in this court on October 26, 2004, for Conspiracy to Possess With Intent To Distribute More Than 5 Kilograms of Cocaine and 50 Grams of Crack Cocaine. On September 26, 2005, Petitioner King entered into a Plea Agreement with the Government and pled guilty to the Count I charge as stated above. On January 18, 2006, his sentence of 405 months imprisonment was entered as Judgment in this prosecution. Petitioner appealed his sentence, but the same was dismissed by the United States Court of Appeals for the Eleventh Circuit upon a finding that Petitioner King had waived his right to appeal. (Doc. 135). Petitioner King's conviction and sentence became final on March 15, 2007. Petitioner King did not file a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the allotted statutory time period

King filed on April 9, 2009, *Petitioner's Petition For Writ of Mandamus, Alternatively Petitioner's Motion To Compel* (Doc. 152), praying that AUSA Dasher be Ordered "to investigate the applicable facts and to file a Rule 35(b) motion outlining substantial assistance provided by Petitioner and further to request that Petitioner's sentence be reduced to reward him for the substantial assistance provided." (Doc. 152 at 2). Petitioner King makes no contention that the

Government acted under any unconstitutional motive in its failure to file a Motion for Sentence Reduction under Rule 35. Petitioner contends that the Government breached its Plea Agreement by failing to file a motion for sentence reduction pursuant to Rule 35. The Plea Agreement to which Petitioner refers was entered into on September 23, 2005 (Doc. 94) and contains at Section 4, ¶ (C), the following provision:

> [I]f the Defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation, the government will make the extent of the Defendant's cooperation known to the sentencing court. .... If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion.

The district court held a change of plea hearing on September 23, 2005, at which time, before accepting Defendant's guilty plea, the court determined through colloquy that Petitioner King had read his plea agreement, entered into the agreement freely and voluntarily, had not been promised anything other that what was contained in the written agreement, and had not been threatened or coerced into pleading guilty. (Doc. 132).

## Conclusions of Law

The United States Supreme Court has established that a defendant would be entitled to relief if the prosecution refused to file a Rule 5 motion for sentence reduction for substantial

2

assistance for a suspect reason such as the defendant's race or religion, i.e., a constitutionally impermissible reason.  However, neither a claim that a defendant merely provided substantial assistance nor additional but generalized allegations of improper motive will entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  A defendant has a right to the latter procedures only if he makes a substantial showing of constitutionally improper motion.  *Wade v. United States,* 504 U.S. 181, 183-84, 112 S.Ct. 1840, 1843-44 (1992).

The Eleventh Circuit Court of Appeals adopted the ruling of the *Wade* Court, quoting its findings in *United States v. Forney,* 9 F.3d 1492, 1500, 1502 (11th Cir. 1993), as follows:

> In both § 3553(e) and § 5K1.1, the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.
>
> Judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutional impermissible motivation, such as race or religion.  *Wade,* at 112 S.Ct. at 1843-44.

The Eleventh Circuit *Forney* Court noted that, "No unconstitutional motive has been alleged in this case." *Id.* at 1503.  In Petitioner Kings case, he relies on the contention that the Government breached his plea agreement in regard to filing a Rule 35 Motion upon its determination that the defendant had rendered substantial assistance, i.e., that the Government had a contractual obligation to honor the terms of the plea agreement.  In the *United States v. Gilmore,* 149 Fed. Appx. 883, 889 (11th Cir. 2005), relying on *Wade, Forney,* and *United States v. Nealy,* 232 F.3d 825, (11th Cir. 2000), the United States Court of Appeals for the Eleventh Circuit determined that, "[I]n applying a Plea Agreement where the Government agreed only 'to consider' filing a § 5K1.1 motion, we concluded in *Forney* that the Government did not breach the terms of the Plea Agreement when it

3

ultimately decided not to file a §5K1.1 motion. *See Forney,* 9 F.3d at 1499, 1500 n.2." The same principle apply to Rule 35 motions as apply to § 5K substantial pre-sentence assistance. U.S.S.G. § 5K1.1. Moreover, the *Gilmore* Court's conclusion was that the Government's failure to file a Rule 35 motion for sentence reduction based upon substantial assistance when the determination of same was vested clearly in the Government alone was not subject to judicial review, absent a showing of unconstitutional motive by the Government.

Petitioner King has failed to state a claim upon which this court may grant relief and therefore should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner King's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 22nd day of July 2009.

    **S/ G. MALLON FAIRCLOTH**
    **UNITED STATES MAGISTRATE JUDGE**